1  Amy M. Samberg
   Nevada Bar No. 10212
2  Justin S. Hepworth
   Nevada Bar No. 10080
3  Snell & Wilmer L.L.P.
   3883 Howard Hughes Parkway, Suite 1100
4  Las Vegas, NV  89169
   Telephone (702) 784-5200
5  Facsimile (702) 784-5252
   Email: asamberg@swlaw.com
6  Email: jhepworth@swlaw.com

7  Attorneys for Defendants
   LIBERTY MUTUAL FIRE INSURANCE COMPANY and
8  LM GENERAL INSURANCE COMPANY erroneously sued
   as LIBERTY MUTUAL INSURANCE COMPANY

9

10                    **UNITED STATES DISTRICT COURT**

11                         **DISTRICT OF NEVADA**

12  NORMA RAMOS, individually, and on        Case No.:  2:14-cv-00839
    behalf others similarly situated,
13                                           **LIBERTY MUTUAL FIRE**
            Plaintiff,                        **INSURANCE COMPANY'S AND**
14                                           **LM GENERAL INSURANCE**
                                             **COMPANY'S:**
15  vs.
                                             **(1) NOTICE OF MOTION AND**
16  LIBERTY MUTUAL INSURANCE                 **MOTION FOR AN ORDER**
    COMPANY; and DOES I – V and ROES         **DISMISSING PLAINTIFF'S**
17  VI-X, inclusive;                         **COMPLAINT; AND**

            Defendants.                      **(2) MEMORANDUM OF POINTS**
18                                           **AND AUTHORITIES IN SUPPORT**
19                                           **THEREOF.**

20                                           **[HEARING REQUESTED]**

21          Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), Defendants

22  Liberty Mutual Fire Insurance Company and LM General Insurance Company

23  (collectively, "Liberty Mutual"), by and through their counsel, Snell & Wilmer L.L.P.,

24  hereby move for an order (1) dismissing Plaintiff Norma Ramos' ("Plaintiff's") entire

25  Complaint on the grounds that the Court lacks subject matter jurisdiction or, in the

26  alternative, (2) dismissing Plaintiff's Complaint for failure to state a claim upon which

27  relief can be granted.

28          This Motion is made based upon the papers, records, and pleadings on file in this

*Snell & Wilmer*
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

1  case, the attached Memorandum of Points and Authorities, and any oral argument that the

2  Court may entertain.

3      DATED this ____ day of June, 2014.

4                                          SNELL & WILMER L.L.P.

5

6                                By: _____

7                                          Amy M. Samberg
                                            Nevada Bar No. 10212
8                                          Justin S. Hepworth
                                            Nevada Bar No. 10080
9                                          3883 Howard Hughes Parkway, Ste 1100
                                            Las Vegas, NV 89169
10
                                            Attorneys for Defendants
11                                          Liberty Mutual Fire Insurance Company
                                            and LM General Insurance Company

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

SMRH:424051326.2

-2-

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................... 1

II.    STATEMENT OF FACTS ........................................................................ 2

     A.     Plaintiff's Insurance Coverage ........................................................... 2

     B.     The Loss ............................................................................................. 3

     C.     The Lawsuit ....................................................................................... 3

III.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED ...................... 4

     A.     Plaintiff's Entire Complaint Fails Because She Lacks Standing (Fed. R. Civ. Proc. 12(b)(1)). .............................................................. 5

     B.     Plaintiff Cannot State a Viable Claim for Relief (Fed. R. Civ. Proc.12(b)(6)). ................................................................................. 9

          1.     Plaintiff's First Claim for Breach of Contract Fails ........................... 9

          2.     Plaintiff's Second Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Fails ............................................. 10

          3.     Plaintiff's Third Claim for Violation of the NDTPA Fails .............. 10

          4.     Plaintiff's Fourth Claim for Unfair Claim Practices Fails ................ 11

          5.     Plaintiff's Fifth Claim for Unjust Enrichment Fails ......................... 12

          6.     Plaintiff's Sixth Claim for Fraudulent Concealment Fails ............... 12

IV.    CONCLUSION ....................................................................................... 14

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Archer v. Bank of America Corp.*
  2011 U.S. Dist. LEXIS 148159 (D. Nev. December 23, 2011) .................................11

*Bell Atlantic v. Twombly*
  550 U.S. 544 (2007) ..................................................................................................5

*Bove v. Prudential Ins. Co. of Am.*
  106 Nev. 682 (1990)..................................................................................................9

*Chandler v. State Farm Mut. Auto Ins. Co.*
  598 F.3d 1115 (9th Cir. 2010) ...................................................................................4

*Enger v. Allstate Ins. Co.*
  682 F.Supp.2d 1094 (E.D. Cal. December 9, 2009).................................................5

*Garner v. State Farm Mutual Auto. Ins. Co.*
  2009 U.S. Dist. LEXIS 116882 (N.D. Cal. 2009) .....................................................5

*Govereau v. Wellish*
  2012 U.S. Dist. LEXIS 151494 (D. Nev. October 19, 2012).....................................11

*Hart v. Prudential Prop. & Cas. Ins. Co.*
  848 F.Supp. 900 (D. Nev. 1994) ...............................................................................10

*Impress Comms. v. Unumprovident Corp.*
  335 F.Supp.2d 1053 (C.D. Cal. 2003)........................................................6, 7, 10, 13

*Jackoby v. GEICO General Ins. Co.*
  2012 U.S. Dist. LEXIS 117769 (D. Nev. August 20, 2012) ......................................9

*Kauai Scuba Center, Inc. v. PADI Americas, Inc.*
  524 Fed.Appx. 344 (9th Cir. May 3, 2013)................................................................7

*Knievel v. ESPN*
  393 F.3d 1068 (9th Cir. 2005) ...................................................................................5

*Leasepartners Corp v. Robert Brooks Trust Dated Nov. 12, 1975*
  113 Nev. 747, 949 P.2d 182 (1997)...........................................................................12

*Lujan v. Defenders of Wildlife*
  504 U.S. 555 (1992) ...................................................................................................5

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

*Medina v. Safe-Guard Products, International, Inc.*
   164 Cal.App.4th 105 (2008) ........................................................................7

*Nationwide Mut. Ins. Co. v. Coatney*
   118 Nev. 180 (2002) ..................................................................................9

*Navarro v. Block*
   250 F.3d 729 (9th Cir. 2001) ......................................................................5

*Pemberton v. Farmers Ins. Exch.*
   109 Nev. 789 (1993) ................................................................................10

*Peterson v. Cellco Partnership*
   164 Cal.App.4th 1583 (2008) ......................................................................7

*Picus v. Wal-Mart Stores, Inc.*
   256 F.R.D. 651 (D. Nev. 2009) ..................................................................10

*Saini v. Int'l Game Tech.*
   434 F. Supp. 2d 913 (D. Nev. 2006) ............................................................9

*Simpson v. Cal. Pizza Kitchen, Inc.*
   2013 U.S. Dist. LEXIS 153846 (S.D. Cal. Oct. 1, 2013) ................................6

*Sloan v. Country Preferred Ins. Co.*
   2014 U.S. Dist. LEXIS 67842 (D. Nev. May 15, 2014) ..................................9

*Styles v. State Farm Mut. Auto. Ins. Co.*
   2007 U.S. Dist. LEXIS 68650 (D. Nev. Sep. 13, 2007) ..................................8

*Thornhill Pub. Co., Inc. v. General Tel. & Elec. Corp.*
   594 F.2d 730 (9th Cir. 1979) ......................................................................5

*Torres v. Farmers Ins. Exch.*
   106 Nev. 340 (1990) ..............................................................................8, 9

*Vess v. Ciba-Geigy Corp. USA*
   317 F.3d 1097 (9th Cir. 2003) ..............................................................12, 13

*Weaver v. Aetna Life Ins. Co.*
   2008 U.S. Dist. LEXIS 93658 (D. Nev. Nov. 4, 2008) ..............................6, 11

*Willis v. State Farm Mut. Auto. Ins. Co.*
   2013 U.S. Dist. LEXIS 60628 (D. Nev. April 26, 2013) ................................12

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Statutes

N.R.S.
   41.600(2)..................................................................................................10
   598.0923.............................................................................................10, 11
   686A.310...................................................................................................11
   687B.145...........................................................................................8, 9, 11

Other Authorities

F.R.C.P
   9 ...............................................................................................................13
   9(b)....................................................................................................12, 13
   12(b)(1)....................................................................................................4, 5
   12(b)(6)....................................................................................................5, 9

Article III of the U.S. Constitution ...............................................1, 2, 3, 4, 9

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case involves premium payments for stacked versus non-stacked uninsured motorist/underinsured motorist ("UM/UIM") insurance coverage.[1]

Plaintiff Norma Ramos ("Plaintiff") alleges that Nevada law requires auto insurers to discount premiums on multi-vehicle auto insurance policies that provide non-stacked UM/UIM coverage.  Plaintiff complains that she received insurance policies including anti-stacking provisions, and was charged undiscounted UM/UIM premiums by her auto insurer, Liberty Mutual, in violation of Nevada law.

However, Plaintiff does ***not*** allege that Liberty failed to provide stacked coverage for any UM/UIM claim made under her policies, or that she did not want stacked coverage.  To the contrary, she asserts that all Nevada insureds expect stacked UM/UIM coverage, regardless of whether their policy contains an anti-stacking provision.  Plaintiff also admits that, when her son made a UM/UIM claim under the policy, ***Liberty Mutual provided stacked coverage for that claim***.  In other words, Plaintiff received exactly what she allegedly paid for.

This District and other courts in the Ninth Circuit agree that simply paying policy premiums does not constitute injury in fact.  An insured must allege facts supporting that he or she received less than the coverage allegedly paid for.  Plaintiff makes no such allegations here.  Instead, Plaintiff received the stacked UM/UIM coverage she allegedly paid for when a claim was made under the policy.   She therefore suffered no injury in fact and lacks Article III standing to pursue her claims.

Plaintiff also misreads Nevada law regarding UM/UIM anti-stacking provisions.  The authority Plaintiff cites supports only that an auto insurer must discount premiums to

---

[1] When UM/UIM insurance is "stacked," the sum total of the UM/UIM policy limits for each vehicle on the policy are available for a loss. When UM/UIM insurance is not stacked, only a single vehicle limit is available for a loss regardless of how many vehicles are included on the policy.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

*enforce* an anti-stacking provision. If an insurer does not discount premiums, then the insurer must provide stacked coverage in the event of a loss. By Plaintiff's own admission, Liberty Mutual did just that.

Plaintiff also fails to allege facts supporting her individual claims for relief for the following reasons:

- Plaintiff's breach of contract and bad faith claims fail because she does not allege that Liberty Mutual failed to provide policy benefits.

- Plaintiff's NDTPA claim fails because she does not allege facts supporting that she suffered any damage as a result of Liberty Mutual's alleged conduct.

- Plaintiff's unfair practices claim fails because she does not allege a specific misrepresentation by Liberty Mutual, or facts supporting damages.

- Plaintiff's unjust enrichment claim fails because that doctrine does not apply when the parties have a contract and, even if it did, she does not allege facts supporting that Liberty Mutual was unjustly enriched.

- Plaintiff's fraudulent inducement claim fails because she fails to plead it with specificity and cannot show that Liberty breached the policy terms.

The Court should grant Liberty's Motion to Dismiss with prejudice and without leave to amend.

## II.   STATEMENT OF FACTS

### A.   Plaintiff's Insurance Coverage

Liberty has provided Plaintiff with auto insurance for her three household vehicles since May 15, 2009. (ECF Doc. 1-1, pp. 10-13, ¶¶ 19-33). Plaintiff's policies have always included uninsured/underinsured motorist coverage ("UM/UIM Coverage") for each of the three vehicles ("Vehicles 1, 2, and 3"). (*Id.*).

Between May 15, 2009 and November 16, 2012, Plaintiff paid an equal amount of premium for each vehicle's UM/UIM coverage and received UM/UIM coverage of $15,000 for Vehicles 1, 2, and 3. (*Id.*). From November 16, 2012 through the present,

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

1  Plaintiff paid different UM/UIM premium amounts for each vehicle and received

2  UM/UIM coverage of $50,000 for Vehicles 1, 2, and 3. (*Id.*).

3  **B.    The Loss**

4  On September 13, 2012, Plaintiff's son, Jay Jay, was injured in a motor vehicle

5  accident caused by an underinsured motorist. (ECF Doc. 1-1, p. 13, ¶ 34). Jay Jay  was

6  an additional named insured under Plaintiff's policy, and subsequently made a claim

7  under her policy. (*Id.*).

8  On March 4, 2014, Plaintiff's attorney demanded that Liberty pay stacked limits of

9  $45,000 for Jay Jay's UM/UIM claim under Plaintiff's effective policy (*i.e.* combined

10  limits of $15,000 each for Vehicles 1, 2, and 3). (*Id.*). Plaintiff's attorney asserted that

11  Plaintiff had paid full premiums on each vehicle and was entitled to the stacked coverage

12  she had purchased. (Id., Exh. 8).

13  In early April of 2014, Liberty acknowledged that a total of $45,000 in UM/UIM

14  coverage was available for the loss. (ECF Doc. 1-1, p. 14, ¶ 35, Exh. 9). After evaluating

15  the documentation supporting Jay Jay's claim, Liberty Mutual paid full stacked limits on

16  April 28, 2014.

17  **C.    The Lawsuit**

18

19  On April 29, 2014, the Nevada Insurance Commissioner served Liberty Mutual

20  with the  Complaint in this action. (ECF Doc. 1-1, pp. 1-2). Liberty Mutual timely

21  removed the action to this Court on May 28, 2014. (ECF Doc. 1).

22  Plaintiff alleges causes of action for:  (1) Breach of Contract; (2) Breach of the

23  Implied Covenant of Good Faith and Fair Dealing – Common Law Bad Faith; (3)

24  Violation of Nevada's Deceptive Trade Practices Act (the "NDTPA"); (4) Unfair Claim

25  Practices; (5) Unjust Enrichment and Constructive Trust; and (6) Fraudulent

26  Concealment.  She seeks compensatory damages, restitution, special damages, punitive

27  damages, interest, attorneys' fees and costs, and asks the Court to compel Liberty Mutual

28  to discount UM/UIM premiums. (ECF Doc. 1-1, pp. 24-25).

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

1    In the Complaint, Plaintiff abandons the argument that she was entitled to the

2   benefits of stacked coverage for which she allegedly paid.  Instead, Plaintiff now claims

3   that she was entitled to an anti-stacking discount on her policy premiums.  According to

4   Plaintiff, because the policies she purchased included standard form anti-stacking

5   provisions, Liberty Mutual was required to provide her with an anti-stacking discount on

6   her UM/UIM premiums (regardless of whether Liberty Mutual enforced the anti-stacking

7   provision).

8    Critically, Plaintiff never alleges that she did not want stacked coverage, or that she

9   did not receive stacked coverage.  To the contrary, she alleges that Nevada insureds

10   expect stacked coverage when they purchase UM/UIM insurance, regardless of the

11   existence of an anti-stacking provision.  (ECF Doc. 1-1, p. 9, ¶ 14).  She also alleges that,

12   when a loss occurred, her attorney demanded payment of stacked limits and Liberty

13   Mutual made stacked limits available.  (ECF Doc. 1-1, pp. 13-14, ¶¶ 34-35).

14    Plaintiff expressly excludes from her damages claim any premium discount for the

15   August 16, 2012 through November 16, 2012 policy period "because Liberty Mutual

16   agreed to stack UM/UIM coverage for the September 13, 2012 loss involving Mrs.

17   Ramos' son."  (ECF Doc. 1-1, p. 14, ¶ 36 and fn. 2).  Thus, Plaintiff admits that, when a

18   claim was made under her policy, Liberty Mutual provided stacked coverage.

19   **III.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED**

20    Federal Rule of Civil Procedure 12(b)(1) permits dismissal of a complaint for lack

21   of subject matter jurisdiction.  Under Article III of the U.S. Constitution, federal courts'

22   subject matter jurisdiction is limited to actual cases or controversies, and requires that a

23   plaintiff have standing to sue.  *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115,

24   1121-22 (9th Cir. 2010).  Because standing pertains to federal courts' subject matter

25   jurisdiction, it is properly raised in a Rule 12(b)(1) motion to dismiss.  *Chandler*, 598 F.3d

26   at 1122.

27   / / /

28   / / /

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

1   In considering a Rule 12(b)(1) motion, the plaintiff has the burden of establishing

2   subject matter jurisdiction. *Thornhill Pub. Co., Inc. v. General Tel. & Elec. Corp.*, 594

3   F.2d 730, 733 (9th Cir. 1979).

4   Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint or claim

5   for relief is proper "where there is no cognizable legal theory or an absence of sufficient

6   facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732

7   (9th Cir. 2001). "To avoid dismissal, plaintiff must allege 'enough facts to state a claim to

8   relief that is plausible on its face.'" *Enger v. Allstate Ins. Co.*, 682 F.Supp.2d 1094, 1095

9   (E.D. Cal. December 9, 2009) (*quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570

10  (2007)). "A formulaic recitation of the elements of a cause of action will not do."

11  *Twombly*, 550 U.S. at 555.

12  The court may also consider the Policy and other evidence essential to Plaintiff's

13  claims in deciding this Motion, regardless of whether those documents are referenced in

14  or attached to Plaintiff's Complaint. *See, e.g., Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th

15  Cir. 2005). Consideration of such evidence does not convert a Rule 12(b)(6) Motion into

16  a motion for summary judgment. *Garner v. State Farm Mutual Auto. Ins. Co.*, 2009 U.S.

17  Dist. LEXIS 116882, *3 fn.1 (N.D. Cal. 2009).

18

19  **A.    Plaintiff's Entire Complaint Fails Because She Lacks Standing (Fed. R.**

20  **Civ. Proc. 12(b)(1)).**

21  The "irreducible constitutional minimum of standing" requires a plaintiff to:

22  (1) demonstrate that she "suffered an 'injury in fact' – an invasion of a legally protected

23  interest which is (a) concrete and particularized, and (b) actual or imminent, not

24  conjectural or hypothetical"; (2) establish a "causal connection" between the injury and

25  the challenged conduct by proving that her injury is fairly traceable to the defendant's

26  challenged conduct; and (3) show that her injury will likely be "redressed by a favorable

27  decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations

28  omitted).

*Snell & Wilmer*
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

1  "[A]n economic injury typically requires a loss of the plaintiff's benefit of the

2  bargain, such as by overpayment, loss in value, or loss of usefulness." *Simpson v. Cal.*

3  *Pizza Kitchen, Inc.*, 2013 U.S. Dist. LEXIS 153846, *11 (S.D. Cal. Oct. 1, 2013). Where

4  the plaintiff receives the benefit of her bargain, there is no injury and no standing. *Id.*

5  As another Court in this District recently explained:

6  Of course, an economic injury is sufficient to satisfy the Article III standing

7  requirement of injury-in-fact. [citation]  This observation does not dispose

8  of the issue, however.  For instance, a consumer could claim that she

9  experienced an injury of five dollars in the purchase of a widget.  But this

10  claim begs the question of what the consumer received in return.  That is,

11  did the consumer … receive exactly what she bargained for?  If the

12  consumer received the bargained-for widget, she could not claim a

13  cognizable injury under Article III.

14  *Weaver v. Aetna Life Ins. Co.*, 2008 U.S. Dist. LEXIS 93658, *6 (D. Nev. Nov. 4, 2008).

15  In *Weaver*, Judge Hicks found, among other things, that the plaintiff lacked

16  standing to allege individual or class claims "based on paying premiums for a nonexistent

17  or illegal insurance policy." *Id.* at *6.  Although payment of premiums for a non-existent

18  insurance policy was "seemingly an injury-in-fact," the plaintiff had not alleged that she

19  was improperly denied benefits. *Id.* at *8. The court found that omission "critical," "as

20  one cannot know if a policy exists until availing oneself of its benefits." *Id.* at *7-8.

21  In reaching this holding, the *Weaver* court relied on an analogous decision from the

22  Central District of California, *Impress Comms. v. Unumprovident Corp.*, 335 F.Supp.2d

23  1053 (C.D. Cal. 2003).  In *Impress*, the plaintiffs filed a class action lawsuit alleging that

24  the defendants fraudulently induced them to purchase insurance policies that they did not

25  intend to honor.  But, the plaintiffs had never made claims or been denied benefits under

26  the policies. *Id.* at 1065.  The plaintiffs argued that their payment of premiums alone

27  constituted economic harm, but the *Impress* court rejected that argument: "Insurance is

28  normally purchased with premiums.  By definition, an insurance policy promises certain

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

1   benefits in the event of specified contingencies.  In the absence of such contingency and a

2   claim for such benefits, there can be no showing that the benefits given were less than

3   those purchased with the premiums.  Absent such a showing, there can be no injury." *Id.*

4   at 1064.  The *Impress* court continued:

5         "[All of Plaintiffs'] claims are grounded in the assumption that *had*

6         Plaintiffs made claims on their policies … Defendants *would not* have

7         provided the benefits due.  As Plaintiffs made no such claims, any harm

8         they might have suffered is purely speculative.  Nor does the fact that they

9         paid premiums while the policies were in effect constitute a cognizable

10         injury, as without a deprivation of benefits there can be no showing of

11         premiums wrongfully taken."

12   *Id.* at 1065 (emphasis in original).

13        The Ninth Circuit and other California courts have reached similar results. *Kauai*

14   *Scuba Center, Inc. v. PADI Americas, Inc.*, 524 Fed.Appx. 344, 346-347 (9th Cir. May 3,

15   2013) (upholding order dismissing plaintiff's putative class action complaint based on

16   alleged overpayment of premiums where plaintiff did not dispute that it needed the

17   purchased coverage or allege facts supporting that it could have purchased comparable

18   coverage for less elsewhere); *Medina v. Safe-Guard Products, International, Inc.*, 164

19   Cal.App.4th 105, 114-115 (2008) (putative class action plaintiff failed to allege injury in

20   fact resulting from his purchase of insurance from an unlicensed insurer where plaintiff

21   did not allege facts supporting that he did not want the coverage, he was denied benefits,

22   or he paid more for the coverage than what is was worth); *Peterson v. Cellco Partnership*,

23   164 Cal.App.4th 1583, 1591-1592 (2008) (same).

24        Applying those principles here, Plaintiff's Complaint alleges that she paid non-

25   discounted premiums for stacked UM/UIM coverage. (ECF Doc. 1-1, pp. 10-13, ¶¶ 19-

26   33).  Plaintiff does *not* allege that she did not want stacked coverage.  To the contrary, she

27   alleges that every Nevada insured expects stacked coverage and, when a loss occurred

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

1  under her policy, her attorney demanded payment of stacked limits.  (ECF Doc. 1-1, p. 9,

2  ¶ 14).

3       Nor can Plaintiff allege facts supporting that Liberty Mutual denied her stacked

4  benefits, because she admits that Liberty Mutual made them available when a claim was

5  made under her policy.  (ECF Doc. 1-1, p. 14, ¶ 35).  Any claim that Liberty Mutual

6  would not have made stacked limits available at any other time would be purely

7  speculative.  Plaintiff received *exactly* what she allegedly paid for.  She suffered no injury

8  from Liberty Mutual's alleged conduct.

9       Plaintiff also cites no authority supporting her conclusory allegation that Nevada

10 law requires "insurers to reduce/discount UM/UIM premiums in lieu of stacking UM/UIM

11 coverage."  (ECF Doc. 1-1, p. 17, ¶ 53).  Plaintiff cites NRS 687B.145(1), but that statute

12 only renders anti-stacking provisions unenforceable where an insurer fails to comply with

13 its requirements.  N.R.S. 687B.145(1) ("Any limiting provision is void if the named

14 insured has purchased separate coverage on the same risk and has paid a premium

15 calculated for full reimbursement under that coverage."); *see also Styles v. State Farm*

16 *Mut. Auto. Ins. Co.*, 2007 U.S. Dist. LEXIS 68650, at *10 (D. Nev. Sep. 13, 2007) ("The

17 final requirement under NRS 687B.145(1) is that an anti-stacking clause *cannot be used*

18 *or is unenforceable* if the insured has purchased separate coverage for the same risk or

19 paid a premium calculated for full reimbursement under that coverage; i.e., in other words

20 paid a full, non-discounted premium for two or more separate policies.") (emphasis

21 added).

22      If Liberty Mutual's anti-stacking provisions were unenforceable, then Plaintiff's

23 own authority supports that Nevada law required Liberty Mutual to make stacked limits

24 available in the event of a loss.  *Torres v. Farmers Ins. Exch.*, 106 Nev. 340, 348 (1990)

25 (finding anti-stacking clause invalid and, as a result, the plaintiff "was entitled to stack her

26 two UM coverage limits").  That is precisely what Plaintiff admits Liberty Mutual did.

27      The cases cited in Plaintiff's complaint also do not support that an insured who was

28 never denied benefits has standing to sue.  Those cases all involved insurers that *denied*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

1   stacked limits to insureds based on anti-stacking provisions. *Torres*, 106 Nev. at 348;

2   *Bove v. Prudential Ins. Co. of Am.*, 106 Nev. 682 (1990) (reversing judgment in favor of

3   insurer regarding the validity of its anti-stacking provision); *Jackoby v. GEICO General*

4   *Ins. Co.,* 2012 U.S. Dist. LEXIS 117769 (D. Nev. August 20, 2012) (granting summary

5   judgment for the insurer because its anti-stacking provision complied with N.R.S.

6   687B.145(1)). Plaintiff does not allege that Liberty Mutual ever denied her stacked

7   UM/UIM limits.

8         Plaintiff also vaguely alleges that Liberty Mutual deceived her and other class

9   members into believing that they were receiving an anti-stacking premium discount.

10   (ECF Doc. 1-1, pp. 23-24, ¶¶ 90-92). But, Plaintiff does not identify any purportedly false

11   representation, or allege that she actually relied on any purportedly false representation in

12   purchasing insurance. Nor could she, since it would be contrary to her allegations that

13   (1) Nevada insureds have a reasonable expectation that they will receive stacked UM/UIM

14   coverage (ECF Doc. 1-1, p. 9, ¶ 14), (2) she demanded stacked limits when her son made

15   a UM/UIM claim under the policy, and (3) Liberty made them available. (Id., p. 9, ¶ 35).

16         Plaintiff received exactly what she allegedly paid for – stacked limits for her

17   UM/UIM coverage. *See Nationwide Mut. Ins. Co. v. Coatney*, 118 Nev. 180, 185 (2002)

18   (finding an insurer's anti-stacking provision valid and noting that the insureds "received

19   precisely the coverage for which they paid."). Consequently, Plaintiff has not alleged any

20   injury in fact sufficient to support Article III standing, and all of her claims fail.

   B.   **Plaintiff Cannot State a Viable Claim for Relief (Fed. R. Civ.
Proc.12(b)(6)).**

21

22

23       1.   **Plaintiff's First Claim for Breach of Contract Fails**

24         Under Nevada law, breach of contract has three elements: (1) the existence of a

25   valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach.

26   *Saini v. Int'l Game Tech.,* 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006); *Sloan v. Country*

27   *Preferred Ins. Co.,* 2014 U.S. Dist. LEXIS 67842, at *11-12 (D. Nev. May 15, 2014). In

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

Snell & Wilmer

L.L.P.

LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

1  the insurance context, "there can be no breach of contract" unless the insurer fails to

2  provide bargained for benefits. *Impress*, 335 F.Supp.2d at 1053.

3      Here, Plaintiff does not allege that Liberty Mutual denied her benefits, or that it

4  breached any express term of the insurance policy. Instead, Plaintiff alleges that she paid

5  premiums for stacked UM/UIM limits and, when a claim was made under her policy,

6  Liberty Mutual made full stacked limits available. Because Plaintiff received the full

7  benefit of her bargain, her breach of contract claim fails.

8      **2.    Plaintiff's Second Claim for Breach of the Implied Covenant of
         Good Faith and Fair Dealing Fails**
9

10     The common law tort of bad faith in Nevada focuses on "an unreasonable *denial* of

11 the benefits of the policy." *Hart v. Prudential Prop. & Cas. Ins. Co.*, 848 F.Supp. 900 (D.

12 Nev. 1994). Thus, "bad faith may occur 'where an insurer fails to deal fairly and in good

13 faith with its insured *by refusing without proper cause to compensate its insured for a loss*

14 *covered by the policy.*'" *Id.* (emphasis in original; citation omitted); *see also Pemberton*

15 *v. Farmers Ins. Exch.*, 109 Nev. 789, 792-93 (1993) ("An insurer fails to act in good faith

16 when it refuses 'without proper cause' to compensate the insured for a loss covered by the

17 policy.").

18     Plaintiff's Complaint has nothing to do with denial of benefits. Plaintiff contends

19 that she paid premiums for stacked UM/UIM coverage, and received stacked coverage.

20 Because Liberty Mutual did not deny Plaintiff any benefits under the policy, Plaintiff's

21 common law bad faith claim fails.

22     **3.    Plaintiff's Third Claim for Violation of the NDTPA Fails**

23     To state a claim for violation of the NDTPA, a plaintiff must allege that he or she

24 was a "victim of consumer fraud." *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 657

25 (D. Nev. 2009). The NDTPA defines "consumer fraud" to include violations of

26 specifically enumerated statutes and a "deceptive trade practice" as defined in Nevada

27 Revised Statutes section 598.0923. N.R.S. § 41.600(2). Section 598.0923 defines

28

1    "deceptive trade practice" to include violation of "a state or federal statute or regulation

2    relating to the sale or lease of goods or services." N.R.S. § 598.0923(3).  An allegedly

3    fraudulent act that does not fall within one of the categories specifically enumerated in

4    Section 41.600 or 598.0923 does not support a cause of action under the NDTPA.

5    *Govereau v. Wellish*, 2012 U.S. Dist. LEXIS 151494, at *5 (D. Nev. October 19, 2012)

6    (granting judgment on the pleadings for defendant where plaintiff did not base her

7    NDTPA claim on violation of a statute relating to the sale or lease of goods or services);

8    *Archer v. Bank of America Corp.*, 2011 U.S. Dist. LEXIS 148159, at *6-8 (D. Nev.

9    December 23, 2011).  Additionally, to qualify as a "victim" under the NDTPA, a plaintiff

10   "must experience some damage as a result of an offender's actions." *Weaver*, 2008 U.S.

11   Dis. LEXIS 93658, *15-16.

12        Plaintiff's NDTPA claim fails because (1) it is not based on Liberty's alleged

13   violation of any statute relating to the sale of goods or services, and (2) as discussed

14   above, Plaintiff did not suffer any damage as a result of Liberty Mutual's alleged conduct.

15   The only statute Plaintiff claims Liberty Mutual violated is NRS 687B.145.  (ECF Doc. 1-

16   1, p. 20, ¶ 69).  That statute relates solely to the enforceability of limiting provisions in

17   insurance policies, *not* the sale of insurance. *See* NRS 687B.145.

### 4.   Plaintiff's Fourth Claim for Unfair Claim Practices Fails

20        Plaintiff contends that Liberty violated NRS 686A.310(a) because it

21   "misrepresent[ed] to insureds or claimants pertinent facts or insurance policy provisions."

22   However, Plaintiff does not allege any specific misrepresentation by Liberty.  Plaintiff

23   levies conclusory allegations that Liberty "represent[ed] falsely that the UM/UIM

24   premiums … include an Anti-stacking Discount" but does not provide any details about

25   the purported misrepresentation, who made it, or when.

26        In addition, the statute makes clear that an insurer "is liable to its insured for any

27   *damages* sustained by the insured as a result of the commission of any act set forth in

28   subsection 1 as an unfair practice." NRS 686A.310 (emphasis added).  Plaintiff suffered

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

1  no damages here because Liberty Mutual admittedly provided the stacked limits that

2  plaintiff allegedly paid for.  (ECF Doc. 1-1, p. 14, ¶ 35).  Plaintiff's Unfair Claim

3  Practices claim fails.

### 5.    Plaintiff's Fifth Claim for Unjust Enrichment Fails

6       Under Nevada law, "[a]n action based on a theory of unjust enrichment is not

7  available when there is an express, written contract, because no agreement can be implied

8  when there is an express agreement." *Leasepartners Corp v. Robert Brooks Trust Dated*

9  *Nov. 12, 1975*, 113 Nev. 747, 755, 949 P.2d 182, 187 (1997).  Unjust enrichment only

10  "applies to situations where there is no legal contract but where the person sought to be

11  charged is in possession of money or property which in good conscience and justice he

12  should not retain but should deliver to another [or should pay for]." *Id.* at *756; see also*

13  *Willis v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 60628, *5 (D. Nev. April

14  26, 2013) (insured's unjust enrichment claim against insurer failed as a matter of law).

15       Here, Plaintiff alleges a valid contract between her and Liberty Mutual.

16  Accordingly, the doctrine of unjust enrichment does not apply. *Id.*

17       Even if unjust enrichment could apply as between an insurer and insured, it has no

18  application here.  Plaintiff alleges that she paid undiscounted premiums (*i.e.* premiums for

19  stacked UM/UIM coverage) and received stacked UM/UIM coverage.  (ECF Doc. 1-1,

20  p. 14, ¶ 35).

### 6.    Plaintiff's Sixth Claim for Fraudulent Concealment Fails

22       Under Federal Rule of Civil Procedure 9(b), a party asserting a fraud claim must

23  meet a heightened pleading standard by stating "with particularity the circumstances

24  constituting fraud." Fed. R. Civ. P. 9(b).  This includes the "who, what, when, where, and

25  how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106

26  (9th Cir. 2003).  The circumstances constituting the alleged fraud must be "specific

27  enough to give defendants notice of the particular misconduct so that they can defend

Snell & Wilmer

LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

against the charge and not just deny that they have done anything wrong." *Id.* at 1108. When an entire claim within a complaint is "grounded in fraud and its allegations fail to satisfy the heightened pleadings requirements of Rule 9(b), a district court may dismiss the ... claim." *Id.* at 1107.

Plaintiff's fraudulent inducement claim fails to meet this heightened pleading standard. She contends only that "Liberty Mutual" charged and collected unreduced premiums and "misled Plaintiff and members of the class to believe that an Anti-stacking Discount was applied to his/her UM/UIM premiums where none was applied." (ECF Doc. 1-1, p. 18, ¶ 90). She does not allege *what* facts were allegedly misrepresented, *who* at Liberty Mutual made the purported misrepresentation, *how* it was made, or *when*. Without these specifics, Plaintiff's claim violates Rule 9 and should be dismissed.

Plaintiff's fraudulent inducement claim also fails because she does not allege that Liberty Mutual failed to perform under the contract. A promisee under a contract "'does not suffer an injury necessary to trigger a fraud claim based on fraudulent inducement unless and until the promisor actually breaches the contract by failing to perform.'" *Impress*, 335 F.Supp.2d at 1061 (internal citation omitted). Liberty fully performed under the contract when it provided stacked UM/UIM limits to Plaintiff's son Jay Jay. Because Liberty did not breach any express or implied term of the contract, Plaintiff's fraudulent inducement claim fails.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169

## IV.   <u>CONCLUSION</u>

Based on the foregoing, Liberty respectfully requests that the Court grant its motion and dismiss Plaintiff's entire Complaint with prejudice.

DATED this ____ day of June, 2014.

SNELL & WILMER L.L.P.

By: _____
Amy M. Samberg
Nevada Bar No. 10212
Justin S. Hepworth 10080
Nevada Bar No. 11941
3883 Howard Hughes Parkway, Ste 1100
Las Vegas, NV 89169

Attorneys for Defendants
Liberty Mutual Fire Insurance Company
and LM General Insurance Company

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **LIBERTY MUTUAL FIRE INSURANCE COMPANY'S AND LM GENERAL INSURANCE COMPANY'S: (1) NOTICE OF MOTION AND MOTION FOR AN ORDER DISMISSING PLAINTIFF'S COMPLAINT; AND (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF. [HEARING REQUESTED]** by the method indicated below:

| | |
|---|---|
| XXXXXXX | by CM/ECF |
| _____ | by U. S. Mail |
| _____ | by Facsimile Transmission |
| _____ | by Overnight Mail |
| _____ | by Federal Express |
| _____ | by Electronic Service |
| _____ | by Hand Delivery |

and addressed to the following:

David T. Wall, Esq.
Artemus W. Hall, Esq.
Erica D. Entsminger, Esq.
**EGLET WALL CHRISTIANSEN**
400 South Fourth Street, Ste. 600
Las Vegas, NV 89101
Telephone: (702) 450-5400
Facsimile: (702) 450-5451
E-Mail: eservice@egletwall.com
Attorneys for Plaintiff

Jesse Sbaih, Esq.
**JESSE SBAIH & ASSOCIATES, LTD.**
170 S. Green Valley Parkway, Ste. 280
Henderson, NV 89012
Telephone: (702) 896-2529
Facsimile: (702) 896-0529
E-Mail: jsbaih@sbaihlaw.com
Attorneys for Plaintiff

DATED this _4th_ day of June 2014.

_Rita Shirle_
An Employee of Snell & Wilmer L.L.P.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169