UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NORMA RAMOS, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, *et al.*,<br><br>Defendants. | Case No. 2:14-CV-839-KJD-PAL<br><br><br>ORDER |

Before the Court is a Motion to Dismiss (#5) filed by Defendants Liberty Mutual Insurance Company, *et al.*, ("Defendants"). Plaintiff opposed the motion (#11) and Defendants replied (#18).

**I. Background**

Plaintiff Norma Ramos ("Plaintiff") purchased uninsured and underinsured motorist coverage ("UM/UIM") from Liberty Mutual ("Defendants") on multiple vehicles. Defendants included an anti-stacking provision in the policy, meaning that UM/UIM coverage would be discrete as to each vehicle, and that the coverage for each vehicle could not be aggregated to cover a single loss. However, Defendants did not discount Plaintiff's UM/UIM premiums. Nevada law provides that failure to discount these premiums voids any anti-stacking provision.

When Plaintiff suffered a loss, Defendants eventually acknowledged that the anti-stacking provision was void, and provided stacked coverage. Plaintiff's claims here revolve around the theory that Defendant has harmed Plaintiff by this course of activity.

**II. Legal Standard**

    **A.  Motion to Dismiss**

    A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citation omitted).

    In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions or mere recitals of the elements of a cause of action, supported only by conclusory statements, are not entitled to the assumption of truth. Id. at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 678. Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." Id. at 679 (internal quotation marks omitted). Thus, when the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570. Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in

the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Circ. 1996) (citation omitted).

The above standard also applies to challenges regarding standing raised at this stage of litigation. Because standing is "indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

**B. Injury, as an Element of Article III Standing**

Standing under Article III is a jurisdictional question which is entirely distinct from the merits. Krottner v. Starbucks Corp., 628 F.3d 1139, 1141 (9th Cir. 2010). Standing requires a plaintiff to show the following:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000).

Importantly, an injury in fact may be shown where statute "creat[es] legal rights, the invasion of which creates standing." Warth v. Seldin, 422 U.S. 490, 500 (1975). Accordingly, where Congress enacted a statute creating "an enforceable right to truthful information concerning the availability of housing," an individual merely posing as a prospective renter/buyer who was lied to about the availability of housing had suffered sufficient injury for Article III purposes. Havens Realty Corp. v. Coleman, 455 U.S. 363, 373 (1982).[1]

///

///

---

[1] Defendants cite several cases which stand for the proposition that Article III standing must exist even where a state statute otherwise confers standing. However, these cases are unavailing. Plaintiff here alleges that *her* rights have been violated, rights created by Nevada statute. She is not attempting to act as a private attorney general.

**III. Analysis**

Defendants improperly attempt to address standing aside and apart from the individual claims raised by Plaintiff. Standing, or the lack of it, does not exist in the abstract, but only as to a particular claim asserted. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). Thus, standing will be addressed as to each individual claim below where necessary.

However, before turning its attention to the merits of this matter, the Court is compelled to address the serious implications of Defendants' arguments. On May 28 of this year, Defendants removed this case from the Eighth Judicial District Court to this Court. On June 4 of this year, merely one week later, Defendants moved for dismissal of Plaintiff's claims. This seemingly ordinary course of events belies the implications here. At bottom, it smells of harassment, unnecessary delay, and a needless increase in the cost of litigation, not to mention waste of the Court's time and energies.

By arguing that this Court lacks Article III jurisdiction over the claims, Defendants call into question the propriety of their removal. When a substantial portion of their reply is dedicated to the argument that Plaintiff "cannot rely on alleged violations of *state* statues to support *federal court* standing . . .," there can be no question that Defendants are arguing that these claims should be heard in the state courts. (#18 at 2:14-15, emphasis in original). Accordingly, the Defendants have wasted both Plaintiff's and particularly the Court's resources, either by improperly seeking removal or by making the instant argument. If the Court were to agree with Defendants, the result would simply be that the claims would return, once again, to the state courts. Such "merry-go-round" litigation strategies have no place in this Court.

Giving Defendants the benefit of the doubt, the Court does not find Rule 11 sanctions applicable here. However, both parties are on notice that any further gamesmanship will not be tolerated.[2]

---

[2] The Court also notes that many of Plaintiff's citations and quotations are simply incorrect in both form and substance. Such habits call into question Counsel's thoroughness and preparation under Rule 1.1 of the Nevada Rules of Professional Conduct.

4

**A. The Undergirding Statute; NRS 687B.145(1)**

Nevada Revised Statute 687B.145(1) reads in relevant part

> "Any provision which limits benefits pursuant to this section must be in clear language and be prominently displayed. . . . Any limiting provision is void if the named insured has purchased separate coverage on the same risk and has paid a premium calculated for full reimbursement under that coverage."

As the text explains, violation of this statute results in rendering an anti-stacking provision "void." See also, Nationwide Mut. Ins. Co. v. Coatney, 42 P.3d 265, 268 (Nev. 2002) (holding that where an insurance policy complied with the statute, it was not "void."); Ippolito v. Liberty Mut. Ins. Co., 705 P.2d 134, 136 (Nev. 1985) (holding that where the statute is contravened, the offending provisions in the insurance policy are "void and unenforceable.").

To be clear, the statute does not require insurers to either provide or not provide stackable UIM coverage. Nor does it require insurers to provide or not provide discounted UIM rates. Rather, the statute presents a simple if-then rule. *If* an insurer with an otherwise valid anti-stacking provision charges non-discounted UIM rates, *then* the provision is void and unenforceable.

**B. Breach of Contract**

"Nevada law requires the plaintiff in a breach of contract action to show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach. Saini v. Int'l Game Tech., 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006).

Plaintiff argues that Defendants breached the insurance contract by including an anti-stacking provision relating to UM/UIM in the policy, but continuing to charge undiscounted premiums for the UM/UIM coverage. However, this inconsistency is not a breach of contract. To be clear, Plaintiff agreed to pay—and paid—a certain amount for specified coverage. The fact that Plaintiff was ultimately entitled to additional coverage at no additional cost fails to even imply that Defendants breached the contract. The statute simply requires Defendants to allow stacking of Plaintiff's UIM coverage as noted above. See, e.g., Coatney, 42 P.3d at 268 (holding

5

that where an insurance policy complied with the statute, it was not "void."); Ippolito, 705 P.2d at 136 (holding that where the statute is contravened, conflicting provisions in the insurance policy are "void and unenforceable"). Breach would occur under the facts here only if Defendants refused to pay the stacked coverage amount. Defendants have already paid the stacked coverage amount. Thus, Plaintiff fails to state a claim for breach of contract.

**C. Breach of the Implied Covenant of Good Faith and Fair Dealing**

In the insurance context,

> [w]here an insurer fails to deal fairly and in good faith with its insured by refusing without proper cause to compensate its insured for a loss covered by the policy such conduct may give rise to a cause of action in tort for breach of an implied covenant of good faith and fair dealing.

U. S. Fid. & Guar. Co. v. Peterson, 540 P.2d 1070, 1071 (Nev. 1975); see also Pemberton v. Farmers Ins. Exch., 858 P.2d 380, 382 (Nev. 1993).

Plaintiff has failed to provide any authority for the proposition that, in the insurance context, the implied covenant of good faith and fair dealing may be breached merely by including anti-stacking provisions in a policy and charging undiscounted premiums. As above, the Court finds that such a claim would accrue if, under these facts, Defendant had refused to provide stacked coverage. This is not the case. Thus, Plaintiff has failed to state a claim for breach of the implied covenant of good faith and fair dealing.

**D. Violation of Unfair Claims Practices Act**

Plaintiff brings a claim under NRS 686A.310(1), claiming that Defendants engaged in an unfair practice by "[m]isrepresenting to insureds or claimants pertinent facts or insurance policy provisions relating to any coverage at issue." Federal Rule of Civil Procedure 9(b)[3] requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances

---

[3] Dismissal of a complaint or claim under Rule 9(b) is treated in the same manner as dismissal under Rule 12(b)(6). Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).

6

constituting fraud or mistake."[4] This includes detailing "the who, what, when, where, and how of the misconduct charged." Vess, 317 F.3d at 1106 (internal quotation marks omitted). Plaintiff's allegations fall dramatically short of this requirement. As it appears to the Court that Plaintiff could possibly correct this defect, dismissal of this claim is without prejudice.

### E. Violation of Nevada Deceptive Trade Practices Act

Plaintiff alleges that four separate statutes support Plaintiff's claim for violation of the Nevada Deceptive Trade Practices Act (NDTPA).

#### i. NRS 598.0923(3)

Plaintiff brings a claim under Nevada Revised Statute 598.0923(3) which defines a deceptive trade practice as follows: "A person engages in a 'deceptive trade practice' when in the course of his or her business or occupation he or she knowingly . . . [v]iolates a state or federal statute or regulation relating to the sale or lease of goods or services." NRS 598.0923(3).

However, as discussed above, NRS 687B.145(1) does not deal with the sale or lease of goods or services, but only with the enforceability of insurance contract provisions. Accordingly, Plaintiff fails to state a claim for violation of the Nevada Deceptive Trade Practices Act under 598.0923(3).

#### ii. NRS 598.0923(2)

Plaintiff brings a claim under Nevada Revised Statute 598.0923(2) which defines a deceptive trade practice as follows: "A person engages in a 'deceptive trade practice' when in the course of his or her business or occupation he or she knowingly . . . [f]ails to disclose a material fact in connection with the sale or lease of goods or services." NRS 598.0923(2).

Plaintiff alleges that Defendants should have disclosed that "in exchange for imposing an Anti-stacking Provision in her auto insurance policy, Liberty Mutual is legally obligated to

---

[4] "While a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." Vess, 317 F.3d at 1103 (emphasis in original, internal alteration marks omitted).

charge Ms. Ramos non-discounted/non-reduced UM/UIM premiums" on her other vehicles (#11 at 16:23-26). First, Plaintiff's interpretation of the statute is simply incorrect. The statute imposes no requirements regarding the imposition or non-imposition of anti-stacking requirements, or the charging of discounted or undiscounted premiums. The statute simply requires discounted premiums in order for an anti-stacking policy to be enforceable. Second, Plaintiff has provided no authority for the unusual idea that NRS 598.0923(2) requires the disclosure of public laws. Third, even if Defendants were required to disclose the statute's requirements, that disclosure would state only that in order for the anti-stacking provision to be enforceable, her policy premiums must be discounted. Fourth, it is entirely unclear that this fact would be material. Finally, as discussed above, NRS 687B.145(1) does not deal with the sale or lease of goods or services, but only with the enforceability of insurance contract provisions. For all of these reasons, Plaintiff fails to state a claim for violation of the Nevada Deceptive Trade Practices Act under 598.0923(2).

### iii. The Remaining Statutes

Plaintiff also claims that Defendants violated the NDTPA by violating NRS 687B.145(1) and the Unfair Claims Practices Act, NRS 686A.310(1)(a). As the Court has already noted, Defendants did not violate NRS 687B.145(1). Accordingly, this statute cannot support Plaintiff's claim for violation of the NDTPA.

Turning to NRS 686A.310(1)(a), as noted above, Plaintiff has failed to plead this claim with sufficient particularity under Federal Rule of Civil Procedure 9(b). Accordingly, Plaintiff's claim for violation of the NDTPA under NRS 686A.310(1)(a) is denied without prejudice as it appears that Plaintiff could possibly remedy this defect.

### F. Unjust Enrichment

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975, 942 P.2d

182, 187 (Nev. 1997). Unjust enrichment "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another or should pay for. Id. at 187 (internal alteration marks omitted).

Here, there is no dispute: there is a valid contract between both parties that covers the entirety of the relevant time period. Accordingly, Plaintiff's claim that unjust enrichment is a permissible alternative basis for relief fails. It is an alternative basis *only* where there is no valid, express contract. See Rupracht v. Union Sec. Ins. Co., 2011 WL 6109574 (D. Nev. Dec. 7, 2011).

### G. Fraudulent Concealment

Federal Rule of Civil Procedure 9(b)[5] requires that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This includes detailing "the who, what, when, where, and how of the misconduct charged." Vess, 317 F.3d at 1106 (internal quotation marks omitted). Plaintiff's allegations fall dramatically short of this requirement. As it appears to the Court that Plaintiff could possibly correct this defect, dismissal of this claim is without prejudice.

///
///
///
///
///
///
///
///

---

[5] Dismissal of a complaint or claim under Rule 9(b) is treated in the same manner as dismissal under Rule 12(b)(6). Vess, 317 F.3d at 1107.

9

**IV. Conclusion**

To be clear, Plaintiff's theory of the case is based on an incorrect interpretation of NRS 687B.145(1). The Court expects that further filings, if any, will reflect an accurate interpretation of this statute, in harmony with this order.

In accordance with the above discussion, Defendants' Motion to Dismiss (#5) is **HEREBY GRANTED**, with Plaintiff's complaint **DISMISSED** with prejudice in part, and without prejudice in part.

DATED this 3rd day of September 2014.

_____
Kent J. Dawson
United States District Judge